**BRICKWEG, Appellant,**

v.

**CITY OF ST. BERNARD et al., Appellees.**

[Cite as *Brickweg v. St. Bernard* (1999), 133 Ohio App.3d 189.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980177.

Decided March 12, 1999.

190

---

*Schwartz, Manes & Ruby, L.P.A., William S. Wyler* and *Donna M. Bergmann,* for appellant.

*Wood & Lamping, L.L.P., Paul R. Berninger* and *Amy Gasser Callow,* for appellees city of St. Bernard, Barbara Siegel, Mayor of St. Bernard; Civil Service Commission of St. Bernard; Robert G. Wurster, Chairman, St. Bernard Civil Service Commission; Robert A. Rickenbaugh, Member, St. Bernard Civil Service Commission; and William H. Hoffbauer, Member, St. Bernard Civil Service Commission.

DOAN, Presiding Judge.

Plaintiff-appellant, Kurt Brickweg, is a firefighter in the city of St. Bernard Fire Department. On February 14, 1995, Brickweg took a civil service promotional examination for a vacancy in the rank of lieutenant. Brickweg placed third on the eligible list, which was created March 21, 1995, and was scheduled to expire March 21, 1997. Brickweg eventually moved to the first position on the eligible list.

On August 12, 1996, a captain in the St. Bernard Fire Department died, leaving a vacancy in the rank of captain. At that time, no eligible list for the promotion of a lieutenant to the rank of captain existed. On August 23, 1996, the St. Bernard Civil Service Commission ("CSC") posted a notice stating that a promotional examination to fill the vacant captain position would be held November 12, 1996. Although an active list for the promotion of a firefighter to the rank of lieutenant existed and was not scheduled to expire until March 21, 1997, the CSC decided to also hold a promotional examination for the rank of lieutenant to use when the current list expired. Brickweg, who was first on the current eligible list for promotion to lieutenant, did not sit for the November 12, 1996 lieutenant's promotional examination.

The city of St. Bernard contracts with the Ohio Fire Chiefs' Association ("OFCA") to create, administer, and grade the promotional examinations. On December 17, 1996, CSC received the results of the promotional examinations given on November 12, 1996. The results indicated that none of the candidates taking the captain's examination had passed. In the past when no candidate had passed a promotional examination, CSC had graded the examinations on a curve. Because the scores on the captain's examination were so low, CSC decided to retest the candidates.

On February 4, 1997, CSC posted a notice stating that a second promotional examination for the rank of captain would be held March 11, 1997. The pool of eligible candidates was the same as that for the November 12, 1996 examination. On March 21, 1997 Brickweg's eligibility list expired. The results of the March 11, 1997 captain's examination were posted April 22, 1997. At that time, a promotion from the rank of lieutenant to the rank of captain, and a promotion from the rank of firefighter to the rank of lieutenant took place. Because Brickweg's eligibility list had expired, he was not promoted to the rank of lieutenant. The promotion went to the firefighter first on the eligibility list created from the November 12, 1996 promotional examination.

Brickweg complained to the St. Bernard Fire Department and to CSC, alleging that he was entitled to the promotion to the rank of lieutenant. Brickweg argued that if CSC had followed the requirements of R.C. 124.48 and Rule XII of the

Civil Service Rules of the city of St. Bernard, a lieutenant would have been promoted to the rank of captain while Brickweg's eligibility list was still in effect. Therefore, Brickweg argued, based upon the *seriatim* promotion down the ranks, Brickweg would have been promoted to fill the vacancy in the rank of lieutenant created by the promotion of a lieutenant to the rank of captain. CSC refused to grant Brickweg a hearing. He was also unsuccessful in filing a grievance under the collective-bargaining contract. Brickweg then filed the within complaint against defendants-appellees (collectively, "St.Bernard").

The parties filed cross-motions for summary judgment. The trial court denied Brickweg's motion and granted the motion of St. Bernard. Brickweg has appealed. We have *sua sponte* removed this case from the accelerated calendar and placed it on the court's regular calendar.

Brickweg alleges in his sole assignment of error that the trial court erred in denying his motion for summary judgment and granting St. Bernard's motion for summary judgment. Brickweg argues that if CSC had followed the requirements of R.C. 124.48 and Rule XII of the Civil Service Rules of the City of St. Bernard, a lieutenant would have been promoted to the rank of captain while Brickweg's eligibility list was still in effect. Therefore, he argues, based upon the *seriatim* promotion down the ranks, he would have been promoted to fill the vacancy in the rank of lieutenant created by the promotion of a lieutenant to the rank of captain.

R.C. 124.48 provides:

"Whenever a vacancy occurs in a promoted rank in a fire department and no eligible list for such rank exists, the appointing authority shall certify the fact to the civil service commission, and the civil service commission shall within sixty days of such vacancy conduct a competitive promotional examination. After such examination has been held, an eligible list shall be established within twenty days of the final date, of the revised rating key or answer inspection date and the civil service commission shall certify to the appointing authority the name of the person receiving the highest grade. Upon such certification, the appointing authority shall appoint the person so certified within ten days.

"When an eligible list is in existence and a vacancy occurs in a position for which the list was established, the appointing authority shall certify the fact to the civil service commission. The person standing highest on such list shall be certified to the appointing authority, and such person shall be appointed within ten days."

Rule XII of the Civil Service Rules for the city of St. Bernard states in part:

"Section 3. Examination Date of Uniformed Police and Fire: Whenever a vacancy occurs in a promoted rank in the police and fire departments and no

eligible list for such rank exists, the Commission shall hold a competitive promotional examination within sixty days of such vacancy."

"Section 6. Inspection of Examination Papers: The procedures in Rule VII, Section 6 shall apply. Fire Department examinations may only be inspected prior to the grading and within five (5) regular work days."

"Section 8. Promotional Appointments in the Police and Fire Departments: Upon receiving a written request for certification, the Commission shall certify to the appointing authority the name of the person receiving the highest rating and the appointing authority shall appoint the person so certified within ten (10) days (Fire Department) or thirty (30) days (Police Department)."

In *McCarter v. Cincinnati* (1981), 3 Ohio App.3d 244, 3 OBR 276, 444 N.E.2d 1053, we held that the provisions of R.C. 124.44, which pertain to police promotions, are mandatory. R.C. 124.44 provides that when a vacancy occurs above the rank of patrolman in a police department, and no eligible list exists for that rank, "the civil service commission shall, within sixty days of such vacancy, hold a competitive promotional examination" and appoint the person certified as receiving the highest rating "within thirty days of such certification." We stated in *McCarter*:

"The word 'shall' is used twelve times in R.C. 124.44 as well as in the sentence we are construing. This repeated use in and of itself suggests that the legislature intended to create a mandatory obligation. Further, the content and design of R.C. 124.44 throughout is to create clear and definite rights and mandatory duties. The word 'shall' in a statute must be construed as mandatory unless a contrary intent is clearly and unequivocally expressed in the legislative language. [Citations omitted.]

"The civil service commission must, under R.C. 124.44, hold a competitive promotional examination within sixty days after the occurrence of a vacancy in a position above the rank of patrolman in a police department, when there is no eligible list for such rank." (Footnote omitted.) *Id.* at 248, 3 OBR at 279–280, 444 N.E.2d at 1058. Accord *Phillips v. Perkins* (Apr. 13, 1984), Lucas App. No. L–83–258, unreported, 1984 WL 7833.

The *McCarter* reasoning is applicable in the instant case. R.C. 124.48 uses the word "shall" eight times, suggesting an intent by the legislature to create a mandatory obligation. The content and design of R.C. 124.48, which are virtually identical to R.C. 124.44, create definite rights and mandatory duties. R.C. 124.48 contains no clear and unambiguous expression that "shall" is to be construed as anything other than mandatory.

We hold that the provisions of R.C. 124.48, which call for the holding of a competitive promotional examination within sixty days of the occurrence of a

vacancy in a promoted rank of a fire department, are mandatory. It follows that the other time requirements set forth in R.C. 124.48, which require that an eligible list be established within twenty days of the final date of the revised rating key or answer inspection date and that the person certified to have received the highest grade be appointed within ten days, are also mandatory.

St. Bernard cites *Jenkins v. Lorain Civ. Serv. Comm.* (May 27, 1981), Lorain App. No. 3150, unreported, 1981 WL 3993, which held that the time periods set forth in R.C. 124.48 are directory rather than mandatory. We specifically disagreed with the holding of *Jenkins* in footnote six of *McCarter*, in which we stated that the time requirements were mandatory.

 We also note that Rule XII of the Civil Service Rules of the city of St. Bernard requires that a promotional examination be held within sixty days of a vacancy in the promoted rank of the fire department, that the examination may be inspected prior to grading and within five workdays, and that upon certification the person receiving the highest rating must be appointed within ten days. St. Bernard is not free to ignore its own civil service rules. See *State ex rel. Lanter v. Civ. Serv. Comm. of Cincinnati* (Dec. 29, 1995), Hamilton App. No. C–950285, unreported, 1995 WL 763649.

St. Bernard argues that R.C. 124.45, which applies to promotional examinations for firefighters, extends the time in which an appointment must be made. R.C. 124.45 provides in part:

"After a promotional examination has been held and prior to the grading of such examination papers, each participant in said promotional examination shall have a period of five days, exclusive of Saturdays, Sundays, and holidays, to inspect the questions, the rating keys or answers to the examination and to file any protest he may deem advisable. These protests shall be in writing and shall remain anonymous to the commission. All protests with respect to rating keys or answers shall be determined by the commission within a period of not more than five days, exclusive of Saturdays, Sundays, and holidays, and its decision shall be final. If the commission finds an error in the rating key or answer, it shall publish a revised rating key within five days of the finding of such error or errors. The revised rating key or answer shall then be available to participants for a period of five days, exclusive of Saturdays, Sundays, and holidays, subsequent to such determination of error or errors."

Pursuant to R.C. 124.45, the time limit for appointment to a vacancy in the promoted rank of a fire department may be extended by a total of twenty days, excluding Saturdays, Sundays, and holidays.

 Therefore, St. Bernard was required to hold the promotional examination within sixty days of the vacancy in the rank of captain. Twenty days may be

added pursuant to R.C. 124.45 for the inspection, protesting, correcting, revising, and posting of rating keys and answers. Within twenty days of the revised rating or answer inspection date, St. Bernard was required to certify the name of the person receiving the highest grade. The certified person had to be appointed within ten days of the certification. Therefore, St. Bernard was required to appoint a lieutenant to the rank of captain within one hundred ten days of the vacancy. If St. Bernard had followed the statutory requirements, Brickweg's promotional eligibility list would still have been in effect and he would have been promoted to the rank of lieutenant within ten days of the vacancy created in the rank of lieutenant by the appointment of a lieutenant to the rank of captain.

Because Brickweg was first on the eligibility list for promotion to the rank of lieutenant during the time in which St. Bernard was required to appoint a lieutenant to the rank of captain, he is entitled to the promotion to fill the vacancy that would have been created in the rank of lieutenant if St. Bernard had followed *seriatim* the procedures required by law. See *Vogeler v. Cincinnati* (1984), 16 Ohio App.3d 393, 16 OBR 462, 476 N.E.2d 676. Brickweg showed that he was entitled to the promotion that was denied him by St. Bernard as the result of actions taken in violation of R.C. 124.48; therefore, he is entitled to recover back pay and seniority rights. See *Hungler v. Cincinnati* (1986), 25 Ohio St.3d 338, 25 OBR 392, 496 N.E.2d 912; *Morgan v. Cincinnati* (1986), 25 Ohio St.3d 285, 25 OBR 337, 496 N.E.2d 468.

We hold that Brickweg was entitled to be promoted to the rank of lieutenant no later than one hundred twenty days following the occurrence of the vacancy in the rank of captain. The judgment of the trial court is reversed and judgment is hereby entered in favor of appellant, Kurt Brickweg, on his entitlement to promotion. The cause is remanded for a determination of damages and for further proceedings consistent with law and this decision.

*Judgment accordingly.*

HILDEBRANDT and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.